Jill Gerdrum
Hall & Evans, LLC
Millennium Building, Ste. 403
125 Bank St.
Missoula, MT 59802
Telephone: (406) 532-2635
Facsimile: (406) 519-2035
gerdrumj@hallevans.com

*Attorneys for Defendant Best Buy Stores, L.P.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## HELENA DIVISION

| | |
|---|---|
| CHARLES DEWITT,<br><br>               Plaintiff,<br><br>  v.<br><br>BEST BUY STORES, L.P. d/b/a BEST BUY: RFA Brands, LLC, d/b/a RFA Brands and DOES AND ROES 1 through 10,<br><br>               Defendant. | Cause No. _____<br><br><br><br>**NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. § 1332, 1441 and 1446, Defendant Best Buy Stores,

L.P. ("Best Buy"), appearing specially so as to preserve any and all defenses

available under Rule 12 of the Federal Rules of Civil Procedure, hereby gives

notice of the removal of this action from Montana's First Judicial District Court,

Lewis and Clark County to the United States District Court for the District of

Montana, Helena Division.  In support of this Notice of Removal, Best Buy

hereby shows this Court:

## INTRODUCTION

1.      Removing party Best Buy is a Defendant in the above-entitled action

filed in Montana's First Judicial District Court, Lewis and Clark County, Cause

No. DV-22-495

2.      On June 21, 2022, the above-entitled action was commenced by

Plaintiff Charles DeWitt against Best Buy and Defendant RFA Brands, LLC in

Montana's First Judicial District Court, Lewis and Clark County, and the claim is

currently pending there.

3.      In his Complaint, Plaintiff alleges he purchased a battery charger

manufactured by Defendant RFA Brands, LLC, at Best Buy.  *See* Ex. A,

Complaint, ¶¶ 9-11.

4.      Plaintiff alleges the charger caught fire in his bedroom and that he

has suffered bodily injury, emotional distress, and property damages as a result.  *Id.*, ¶¶

16-19, 21-22,

5.      Based on these allegations, Plaintiff asserts common law claims

based in strict liability and negligence.  *See*, *generally*, *id.*

6.      Based on these claims, Plaintiff requests judgment in his favor, for

special, general damages, and compensatory damages and for "all other relief

deemed just and proper." *Id.*, p. 8.

**DIVERSITY JURISDICTION**

7.     This action is properly removable under 28 U.S.C. § 1441(a)

because the United States District Court has original jurisdiction of this case under

28 U.S.C. § 1332(a), which provides, in relevant part, "The district courts shall

have original jurisdiction of all civil actions where the matter in controversy

exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is

between – (1) citizens of different States…."

**A.     Citizenship of the Parties**

8.     There is complete diversity of citizenship between the Plaintiff and

Defendants.

9.     Per the allegations in the Complaint, Plaintiff is a "resident of the

State of Montana, Lewis and Clark County."  *See* Ex. A, ¶ 2.

10.    At the time of the filing of this Complaint and at the time of

removal, Best Buy was a Virginia limited partnership business with its principal

place of business in Minnesota.

11.    At the time of the filing of this Complaint, Plaintiff alleged RFA

Brands, LLC is a Delaware company with its principal place of business in

Birmingham, Michigan.  Id., ¶ 6.

12.    Best Buy and RFA Brands, LLC are not citizens of the State of

Montana for purposes of diversity jurisdiction and removal pursuant to 28 U.S.C.

§ 1332(c).  Therefore, there is complete diversity between the parties.

**B.      Amount in Controversy**

13.      The amount-in-controversy requirement for diversity jurisdiction is

also satisfied.

14.      In the Complaint, Plaintiff seeks an unspecified and unlimited

amount of compensatory, special, and general damages as well as other relief.

*See* Ex. A, p. 7.

15.      Defendant Best Buy has a good-faith belief that the amount in

controversy in this action exceeds $75,000.00 based on Plaintiff's Complaint, the

medical and property damage bills submitted to Best Buy's adjuster, and Plaintiff

counsel's communications with Best Buy's adjuster.

16.      Plaintiff's Complaint states he was given oxygen for smoke and

chemical inhalation, that he sought treatment at a hospital, and that he "sustained

permanent injuries, including but not limited to physical injuries and mental and

emotional distress."  *Id.*, ¶¶ 21-22.  Plaintiff's Complaint also states Plaintiff "had

extensive property damage of his house."  Id., ¶ 22.

17.      To date, Plaintiff has submitted medical bills totally $15,733.87.

Plaintiff has submitted property damage estimates in the amount of $6297.31.

Plaintiff's counsel has indicated to a Sedgwick Claims Management Services,

Inc. adjuster that Plaintiff is still treating for the alleged injuries and may require

surgery.  Ex. E, Decl. Alan Berg (Sept. 8, 2022).

18.     Upon information and belief, Plaintiff may also request lost wages.

19.     Based on all available evidence at this time, Defendant, in good

faith, believes the amount in controversy requirement is satisfied pursuant to 28

U.S.C. § 1332.

**ADOPTION AND RESERVATION OF DEFENSES**

20.     Nothing in this notice of removal shall be interpreted as a waiver or

relinquishment of any of Best Buy's rights to assert any defense or affirmative

matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over

the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of

service of process; (5) improper joinder of claims and/or parties; (6) failure to

state a claim; (7) the mandatory arbitrability of some or all of the claims; (8)

failure to join indispensable parties; or (9) any other pertinent defense available

under F.R.Civ.P. 12, any state or federal statute, or otherwise.

**PROCEDURAL REQUIREMENTS**

21.     This case is a civil action within the meaning of 28 U.S.C. § 1441(a),

relating to the removal of cases.

22.     True and correct copies of "all process, pleadings, and orders" filed

to date are attached hereto as Exhibit B, in conformity with 28 U.S.C. § 1446(a).

There has been no other process, pleading, or order served upon Best Buy to date in this case.

23.   Best Buy first received a Summons and Complaint on August 9, 2022 attached as Exhibit C.

24.   This Notice of Removal is filed within 30 days of service of the Summons and Complaint. *See* 28 U.S.C. § 1446(b).

25.   This Notice of Removal is filed with this Court within 30 days after the case became removable.

26.   No other pleadings or orders have been filed as of the date Best Buy filed this Notice of Removal.

27.   Defendant RFA Brands, LLC, consents to removal, as evidenced the written letter of consent attached as Exhibit D.

28.   Written notice of this filing has been given to Plaintiff, Defendant RFA Brands, LLC, and the Montana First Judicial District Court as provided by law and L.R. 3.3(a).

29.   Best Buy reserves the right to supplement this Notice of Removal by adding any jurisdictional defenses which may independently support a basis for removal.

30.   To the extent remand is sought by Plaintiff or otherwise visited by this Court, Best Buy requests the opportunity to brief the issues and submit

additional arguments and evidence and to be heard at oral argument.

## PRAYER FOR RELIEF

Wherefore, Defendant Best Buy requests that the above-entitled action be removed from Montana's First Judicial District Court, Lewis and Clark County to the United States District Court, District of Montana, Helena Division.

DATED this 8th day of September, 2022.

/s/ Jill Gerdrum
Jill Gerdrum
Hall & Evans, LLC
*Attorneys for Defendant Best Buy Stores, L.P.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2022, a copy of the **NOTICE OF REMOVAL** was served upon counsel of record by the following method(s):

| | |
|---|---|
| _____ | CM/ECF |
| _____ | Hand Delivery |
| 1-2 | U.S. Mail, First Class |
| _____ | Overnight Delivery Service |
| _____ | Fax |
| _____ | E-Mail |

1. Keif Storrar
   Doubek, Pyfer & Storrar
   P.O. Box 236
   Helena, MT 59624

2. John L. Wright
   Halvorson, Mahlen & Wright, P.C.
   P.O. Box 80470
   Billings, MT 80470

/s/ Jill Gerdrum